.MAYOR AND ·COMMON COUNCIL OF BAYONNE, PLAIN- .
TIFFS IN ERROR, AND STATE, KINGSLAND, COLLEC-
TOR, PROSECUTOR, DEFENDANT IN ERROR.

Under the charter of the city of Bayonne the state and county taxes must
be paid by way of preference, out of the first moneys raised by taxa-
tion.

On error to the Supreme Court.

For the plaintiffs in error, *P. H. Gilhooly.*

For the defendant in error, *J. H. Lippincott.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The judgment of the Supreme
Court in this case directs that a peremptory *mandamus* shall
issue to compel the authorities of Bayonne to pay certain
moneys alleged to be due to the county of Hudson for taxes.
It is admitted that the sum claimed is due to the defendant,
as collector of the county, for taxes assessed on the city of
Bayonne in the year 1877, for state and county purposes, and
that the sum total of the taxes collected for such year by the
city exceeds the amount thus claimed.   But it is also admitted
that the amount claimed by the county has not been collected
for state and county purposes, but that a lesser sum is all that
has been raised for these particular purposes.   It therefore
appears that the aggregate sum of · taxes in hand from the
assessments of the year in question, from all sources, that is,.
from assessments for municipal purposes ·as well as for state
and county purposes, constitutes a fund equal to the payment
of the demand now in suit, and consequently the question is
whether such demand is to have priority with respect to pay-
ment.

It is plain that such priority is given in this general class
of cases by the tax law of 1866, the twenty-fifth section of

which is in these words, viz.: "That it shall be the duty of the collectors of the townships, cities or wards in this state, *out of the first moneys* which shall be collected by them, to pay to the county collector of the county in which they hold their offices, the state and county taxes required to be assessed in their several townships, cities and wards, at the time required by law to pay the same." *Rev., p.* 1159, § 83.

It will be perceived that the state policy embodied in this provision is to give the first fruits of taxation to the state and county, in derogation to the claims of the townships and cities. This adjustment was necessary in order to exempt the state and counties from bearing any part of the loss annually sustained from the deficit occurring in the collection of the taxes, the sum collected invariably falling below the sum assessed. Such deficiency was to be the loss exclusively of the townships and cities.

It follows, then, that if this general statutory rule is to be applied in this instance, the city of Bayonne must pay the sum demanded to this collector of the county of Hudson, and this is the admitted result, unless such rule has been changed by the twentieth section of the charter of this city, which reads as follows, viz.: "And the said collector of revenue shall pay over all moneys received by him for the city, as soon as collected, to the treasurer of said city, who shall pay over to the treasurer of the state, or to the collector of Hudson county, the full quota of taxes required by law to be raised in said city for state and county purposes, so far as the same may have been collected."

The contention is that this clause takes away this usual preference given in these matters to the state and county. But there is a strong presumption against such a result being within the legislative design, and the language is not sufficiently explicit to overcome such presumption. The expression that is relied on by the counsel of the plaintiffs in error is the phrase, "so far as the same may have been collected;" but it is to be remembered that the quota to which the phrase relates, is, as between the state and counties on the one side,

and the townships and cities on the other, to be deemed collected, so as to be payable, as soon as the requisite amount of tax money, from all sources, is in hand. The general act must be placed in juxtaposition with this special act, and when thus read, the intention of giving the special privilege claimed for this city, does not appear with such distinctness as to overcome the intendment against such a purpose that arises from the existence of a contrary policy being established in all other parts of the state. A special privilege of this kind can stand only on a clear title.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DALRIMPLE, DEPUE, DIXON, KNAPP, REED, VAN SYCKEL, WOODHULL, CLEMENT, DODD, GREEN.    12.

*For reversal*—None.